**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

        **v.**                                  **Criminal Action No. 2:10cr6**

**MICHAEL BOSLEY,**
        **Defendant.**

### AMENDED ORDER/OPINION REGARDING PLEA OF GUILTY[1]

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Michael Bosley, in person and by counsel, Brian J. Kornbrath, appeared before me on November 1, 2010. The Government appeared by Shawn Angus Morgan, its Assistant United States Attorney.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count One of the Indictment. Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Defendant then advised that the agreement as summarized by the AUSA was correct. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the

---

[1] The Order is amended to reflect that during the hearing, the Court was advised Defendant would be entering a plea to Count I instead of Count III.

Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Michael Bosley, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count One of the Indictment, including the elements the United States would have to prove at trial, charging him with being a felon in possession of a firearm, in violation of Title 18, United States Code, section 922(g)(1) and 924(a)(2).

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him on October 28, 2010, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned then reviewed with Defendant Count One of the Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count One of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him. He also understood that the maximum penalty to which he would be exposed would be a term of imprisonment of not more than ten (10) years; a fine of not more than $250,000 dollars, or both fine and imprisonment; and a period of supervised release of three (3) years. Defendant also understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not be permitted to withdraw his guilty plea. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

The undersigned also reviewed with Defendant his conditional waiver of appellate rights as follows:

Ct: Did you and Mr. Kornbrath discuss that you have a right under Title 18 United States Code section 3142, you have a right to appeal your conviction and any sentence that may be

imposed based on your conviction to the Fourth Circuit Court of Appeals within ten days or as long as 14 days, but certainly not more, of the judge's oral sentencing?

Def: Yes, sir.

Ct: Did you also discuss with Mr. Kornbrath that you might use Title 28 USC 2255 to file a motion to collaterally attack or challenge your sentence, commonly called a habeas corpus motion? Did you discuss that?

Def: No sir.

Ct: Did you ever hear of habeas corpus?

Def: Yes, sir.

Ct: Well, under the law, 28 USC 2255, a person who is convicted and sentenced may use that section to file a collateral challenge– that is, an indirect challenge. It's different than an appeal, but it's filed with the court and it challenges the sentence and how the sentence was imposed. Do you understand you have that right?

Def: Yes, sir.

Ct: Did you and Mr. Kornbrath discuss that under paragraph 12 of your plea agreement, if the Judge sentences you to a level 14 or lower sentence, in other words a sentence with a base offense level under the US Sentencing Guidelines, of 14 or lower, you give up your right to directly appeal to the Fourth Circuit and you give up your right to collaterally challenge using habeas, that sentence and how it was imposed?

Def: Yes, sir.

Ct: Did you also discuss with him that the only way that you keep the direct appeal right to the Fourth Circuit and the collateral appeal right is if the Judge sentences you to an actual sentence which is equal to a sentence using a base offense level of 15 or higher?

Def: Yes, sir.

Ct: Did you thoroughly understand paragraph 12 before you signed the plea agreement?

Def: Yes, sir.

Ct: And you thoroughly reviewed that with your attorney, with the rights you were giving up under that clause?

Def: Yes, sir.

Ct: Do you need any additional time to discuss that with Mr. Kornbrath?

Def: No, sir.

Ct: Did you intend to give up your rights as outlined in paragraph 12 – that is the right to direct appeal and the right to collateral challenge?

Def: Yes, sir.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the condition contained in the amended written plea bargain agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count One of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in Count One of the Indictment and make a determination as to whether to accept or

reject any recommendation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with any of the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations and stipulation contained in the amended written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

The undersigned inquired and determined the parties understood there was also a non-binding stipulation contained in the written agreement, in which the parties stipulated that Defendant, having been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in and affecting commerce, 13 firearms (identified in the agreement). Defendant also understood that the parties dispute, but the Government would argue, that a 2-level enhancement applies for obstruction of justice and a 4-level enhancement applies for the possession of firearms in connection with another felony, the manufacture of marijuana. Finally, the Court inquired and determined Defendant understood the parties disagreed as to whether the appropriate base offense level is 14 or 20.

The parties acknowledged they understood that the Court is not bound by the above stipulations and is not required to accept same. Defendant understood and agreed that should the Court not accept the above stipulations, he would not have the right to withdraw his plea. Defendant also understood the Court, and not a jury would make the determinations regarding the above.

Thereupon, Defendant, Michael Bosley, with the consent of his counsel, Brian J. Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count One of the Indictment.

The Court then heard the testimony of Government witness ATF Special Agent Ken Grace, who testified that he was involved in the investigation of Defendant. He was contacted on August 5, 2009, by Deputy Holcomb, who, while executing an arrest warrant for shoplifting, observed firearms in plain view in Defendant's residence. He then obtained and executed a search warrant at Defendant's residence. Pursuant to the search warrant Deputy Holcomb seized 13 firearms, a quantity of ammunition, and a quantity of marijuana. The residence was in Lewis County, within the Northern District of West Virginia. SA Grace determined that Defendant had been convicted of a felony in California in April 1991, for possession of methamphetamine for distribution. The felony had a possible term of imprisonment of at least one year. The conviction was not expunged, Defendant had not been pardoned, and his civil rights had not been restored. Special Agent Greg Perry examined the firearms and determined all were involved in interstate commerce and all met the federal definition of a firearm. SA Grace interviewed Defendant, who admitted knowingly possessing the 13 firearms.

Defendant testified that he heard, understood, and agreed with SA Grace's testimony.

The undersigned United States Magistrate Judge concludes the offense charged in Count One of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by the testimony of SA Grace.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea. The Court further finds that

Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count One of the Indictment; Defendant understood the consequences of his plea of guilty; Defendant made a knowing and voluntary plea of guilty to Count One of the Indictment; and Defendant's plea is independently supported by the testimony of Special Agent Grace, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained Count One of the Indictment and recommends he be adjudged guilty on said charge as contained in Count One of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued on release pursuant to an Order Setting Conditions of Release previously entered in this matter.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: November 8, 2010

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE